**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tabatha A. Summers,

Plaintiff,

v.

Commissioner of the Social Security Administration,

Defendant.

No. CV-25-04386-PHX-SHD (MTM)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:

Plaintiff Tabatha A. Summers seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her claim for Disabled Widow's Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Court will recommend that the Commissioner's decision be affirmed.

## BACKGROUND

Plaintiff applied for Disabled Widow's Benefits under Title II and Supplemental Security Income under Title XVI of the Social Security Act in March 2023, alleging disability beginning on April 20, 2010. (AR at 17, 193-197, 198-207.) She later amended her onset date to May 1, 2022. (AR at 17.) The Commissioner denied Plaintiff's claims at the initial and reconsideration phases of administrative review. (AR at 95-103, 104-108,

110-113, 114-117.) Plaintiff sought further review by an ALJ, who conducted a hearing on October 1, 2024. (AR at 35-53.) In a November 25, 2024 decision, the ALJ found Plaintiff has not been under a disability within the meaning of the Social Security Act, from April 20, 2010, through the date of his decision. (AR at 17-29.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (AR at 1-6.) Plaintiff then filed this action pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Legal Standard

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Only issues that are argued specifically and distinctly in a party's opening brief are reviewed. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id.*

A court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

Harmless error principles apply in the Social Security Act context. *Molina*, 674 F.3d at 1115. An error is harmless if there remains substantial evidence supporting the ALJ's

decision, and the error does not affect the ultimate determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

**II. Five-Step Sequential Evaluation**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 20, 2010, the alleged onset date. (AR at 20.) At step two, the ALJ found that Plaintiff had the following medically determinable impairments: back pain secondary to cervical and lumbar spondylosis, fibromyalgia, rheumatoid arthritis, irritable bowel syndrome, hypertension, depression, and anxiety. (*Id.*) However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly

limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. (AR at 20-29.)

Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 20, 2010, through the date of his decision. (AR at 29.)

## III. Analysis

Plaintiff argues the ALJ erred by finding her medically determinable impairments were non-severe. Specifically, Plaintiff contends that the ALJ erred in relying on a one-time examination performed by consultative examiner, Keith Cunningham, M.D., and erred in rejecting her symptom testimony.

The ALJ's inquiry ended at step two of the five-step analysis with a finding that Plaintiff's medical impairments were non-severe. The Ninth Circuit Court of Appeals interprets the severity requirement as a "de minimis screening device" designed to weed out groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is non-severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (citation omitted). "An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quotation marks omitted). In determining the severity of impairments, the ALJ considers the claimant's testimony, treatment notes, imaging, ADLs, opinion evidence, and any other statements or observations in the record. 20 C.F.R. § 404.1529(a).

### A. Medical Opinion Evidence

The Ninth Circuit no longer accords special deference to a claimant's treating physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. Apr. 22, 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence.

*See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion. . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Supportability is defined as how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(c)(1). Consistency means "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)). The ALJ should treat opinions as more persuasive if they are more consistent with "other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). Lastly, the ALJ can also consider, to a lesser degree, other factors, such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source actually examined the claimant. *Woods*, 32 F.4th at 792.

The Ninth Circuit also held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520c(b)(2)).

Keith Cunningham, M.D., performed an evaluation, including a physical examination, and completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) on April 9, 2024. (AR at 1227-1230.) The consultative examination showed that Plaintiff was well-developed and walked without assistance. She could stand

independently on each leg and on her heels and toes, and her tandem gait was normal. Cervical range of motion was preserved, and her back was symmetric. She could bend forward 90 degrees, although she reported pain in the lower mid-back, and her lumbar lateral flexion and extension were normal. Her seated straight-leg raising was negative. (*Id.*)

Plaintiff had normal range of motion in her shoulders, elbows, wrists, fingers, and thumbs. She could oppose her thumb to each finger and make full handgrips. Grip strength measured 36 pounds in the right hand and 24 pounds in the left. Muscle bulk and tone were normal, and manual muscle testing was 5/5 throughout. Sensation to touch and vibration was intact, and deep tendon reflexes were 2+ throughout. (*Id.*)

Plaintiff's head was atraumatic, and cranial nerves III through XII were intact. Her chest was symmetric, and her lungs were clear, without wheezes or rhonchi. Her heart had a regular rhythm, with no murmur, rub, or gallop. Her extremities showed no edema. Dr. Cunningham noted sacral tenderness but no deformity or other abnormality of the back. He assessed chronic back pain with preserved range of motion, fibromyalgia, joint pain without synovitis, elevated blood pressure, and chronic pain treated with opioids. (AR at 26, 1227-1229.) Dr. Cunningham concluded that Plaintiff's conditions would not impose any limitations on her ability to do work-related activities for 12 continuous months. (AR at 26, 1230.)

The ALJ found this opinion persuasive, finding "it is consistent with available treatment and exam records for the relevant period at issue, consistent with and supported by exam results as reported in the consultative exam, and consistent with the nature and effectiveness of treatment, which for the period at issue has included medication management, pain management, and physical and aquatic therapy." (AR at 26.)

The Court finds that the ALJ adequately addressed both the supportability and consistency factors.

With respect to supportability, the regulations require the ALJ to consider the objective medical evidence and supporting explanations presented by the medical source.

20 C.F.R. § 404.1520c(c)(1). Here, as noted above, Dr. Cunningham conducted a physical examination and documented findings that reasonably supported his assessment that Plaintiff had no significant work-related physical limitations. Although Plaintiff reported chronic back and joint pain associated with cervical and lumbar spondylosis, fibromyalgia, and rheumatoid arthritis, Dr. Cunningham's examination revealed largely preserved musculoskeletal and neurological functioning. In particular, Plaintiff demonstrated functional spinal and joint movement, normal gait, intact strength and sensation, and no significant neurological deficits. The examination also revealed no synovitis or structural back abnormalities, and Plaintiff retained functional use of her hands. (AR at 1227-1229.) While Dr. Cunningham acknowledged Plaintiff's complaints of pain and documented sacral tenderness, his examination did not reveal corresponding functional deficits that would necessarily interfere with basic work activities. (AR at 1227-1230.) Thus, the ALJ reasonably concluded that Dr. Cunningham's assessment was supported by his own examination findings, which reflected that Plaintiff retained significant physical functioning notwithstanding her medically determinable impairments. (AR at 26.)

The ALJ likewise adequately addressed consistency. Under the regulations, an ALJ evaluates whether a medical opinion is consistent with evidence from other medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2). Here, the ALJ found Dr. Cunningham's assessment consistent with the treatment and examination records during the relevant period. (AR at 26.) In reaching that conclusion, the ALJ considered the longitudinal medical evidence and identified multiple examinations reflecting largely normal musculoskeletal and neurological findings despite Plaintiff's longstanding complaints of pain. Specifically, the ALJ discussed treatment records documenting generally preserved range of motion, normal gait and strength, and the absence of significant neurological abnormalities. (AR at 24-26; *see, e.g.*, AR at 1201-1205, 1234-1263, 1264-1293.) These findings were consistent with Dr. Cunningham's observations that Plaintiff's diagnosed impairments and reported symptoms would not impose any significant limitations on her ability to perform basic work-related activities. Accordingly, the ALJ reasonably

determined that Dr. Cunningham's assessment was consistent with the overall medical record.

Plaintiff argues that the ALJ improperly relied on Dr. Cunningham's one-time examination while overlooking other evidence documenting the severity of her impairments, including findings of 18 of 18 tender points, positive facet loading and straight-leg-raising tests, and chronic cervical and lumbar pain with radiculopathy, as well as shoulder and knee pain. (Docs. 17, 19.) The Court is not persuaded.

The ALJ did not disregard Plaintiff's diagnoses or conclude that she had no medically determinable physical impairments. Rather, the ALJ expressly acknowledged the tender-point findings and determined that Plaintiff's fibromyalgia constituted a medically determinable impairment. (AR at 22-24.) The ALJ also considered Plaintiff's other musculoskeletal complaints and the medical evidence bearing on their severity. (*Id.*) Although the abnormal findings identified by Plaintiff support the existence of her impairments and complaints of pain, they do not necessarily establish that those impairments significantly limited her ability to perform basic work activities or undermine the persuasiveness of Dr. Cunningham's assessment. Thus, although Plaintiff identifies evidence that could support a different interpretation of her physical limitations, the issue before the Court is whether substantial evidence supports the ALJ's evaluation of Dr. Cunningham's opinion. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's resolution of the conflict. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Accordingly, the ALJ adequately considered the supportability and consistency factors and identified substantial evidence supporting his determination. The Court therefore finds no error in the ALJ's evaluation of Dr. Cunningham's medical opinion.

\\\

\\\

\\\

**B. Plaintiff's Symptom Testimony**

In evaluating a claimant's symptom testimony, the ALJ employs a two-step process. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). Second, if the claimant presents such evidence, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citing *Smolen*, 80 F.3d at 1281). The Ninth Circuit has expressly held that a claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282 (internal citation omitted).

The clear and convincing standard is the most demanding in Social Security cases. *Garrison*, 759 F.3d at 1015. An ALJ's "vague allegation" that a claimant's symptom testimony is inconsistent with the medical record does not meet the clear and convincing standard. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014). Similarly, an ALJ cannot satisfy the clear and convincing standard based solely upon "a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Rather, in making credibility determinations, an ALJ may consider a variety of factors in evaluating symptom testimony including, "[the claimant's] reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin., Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff alleged that arthritis, problems with her back, hips, knees, ankles, hands, wrists, arms, and legs, stomach problems, high cholesterol, and high blood pressure limited her ability to work. She testified that, since her amended alleged onset date, she had pain in her lower back between her spine and hip that radiated into her hips and legs. She described the pain as throbbing and tight, sometimes like a painful knot protruding from her back. At times, she became so tense that she could not move. She also reported jitteriness in her arms and pain in her neck, knees, shoulders, and ribs. Her neck pain was similar to her lower-back pain and spread into her arms. When her pain became severe, she wanted to stand still and do nothing.

Plaintiff also described difficulty using her hands, including when writing. Her hands became jittery, and she sometimes could not hold her glasses. She could grip an object for only a few seconds before pain and cramping required her to release it. She said these symptoms limited her daily activities, requiring her to break tasks into short periods. During a typical eight-hour day, she tried to sit and elevate her legs. She estimated that she could sit in a standard kitchen or office chair for only three to four minutes and was unsure how long or far she could walk comfortably. She did not use a cane or walker. She also reported lingering cramps from an ankle fracture about five years earlier.

Plaintiff testified that she had been diagnosed with fibromyalgia in 1993. Fibromyalgia pain was more intense and often required her to lie down. She also had high blood pressure and depression, which she said affected her concentration and focus. She mainly stayed home and avoided being around people. She lived with her two sons and, on an average day, tried to pick up items around the house, limiting herself to tasks that took only a few minutes. She said pain and difficulty concentrating prevented her from working.

Plaintiff testified that treatment helped somewhat but did not eliminate her pain. She took pain medication, and her providers recommended aquatic therapy. She attended physical therapy intermittently because it sometimes became too painful. She no longer danced, as she had in the past. Her son helped with grocery shopping so she could take breaks, and she limited her driving to short distances because it caused pain.

In evaluating her testimony, the ALJ determined that step one was satisfied as "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (AR at 22.) However, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent, offering several reasons, including: (1) the objective medical evidence is consistent with non-severe impairments; and (2) Plaintiff's symptom testimony was inconsistent with her daily activities.

**1. Objective Medical Evidence**

Regarding the ALJ's finding that Plaintiff's symptoms were inconsistent with the objective medical evidence, the Ninth Circuit has recognized that although this may not serve as the sole reason for discounting symptom testimony, it is a permissible consideration when coupled with other grounds for an adverse credibility finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). An ALJ may consider objective findings that contradict a claimant's alleged limitations, but may not reject testimony merely because the medical evidence does not fully corroborate the alleged severity of pain. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch*, 400 F.3d at 680.

Here, the ALJ acknowledged Plaintiff's history of cervical and lumbar spondylosis, fibromyalgia, rheumatoid arthritis, and chronic pain, including examination findings of multiple tender points, tender joints, limited range of motion, and occasional positive straight-leg raising tests. (AR at 22-27.) Nevertheless, the ALJ found that the objective findings during the relevant period did not support the degree of functional limitation Plaintiff alleged.

Specifically, the ALJ noted that treatment records from Sun Pain Management between 2022 and August 2024 documented limited range of motion of the cervical and lumbar spine, shoulders, and lower extremities, but generally did not demonstrate significant weakness or neurological deficits. (AR at 24-25.) The ALJ also considered emergency department and primary care examinations documenting normal gait, full or

generally preserved range of motion, intact strength and sensation, and no acute distress. (AR at 25-26.) In January 2024, for example, Plaintiff demonstrated full range of motion of her extremities, good stability, normal reflexes, and 5/5 strength. Subsequent examinations in March and May 2024 similarly documented normal gait, generally normal range of motion, and no focal neurological deficits. (*Id.*)

The ALJ further relied on Dr. Cunningham's April 2024 consultative examination, which demonstrated an unassisted gait, preserved cervical and lumbar range of motion, normal movement of the shoulders, elbows, wrists, and fingers, full handgrips, intact sensation, and 5/5 motor strength. (AR at 26.) Although Plaintiff reported back tenderness and pain with forward bending, Dr. Cunningham found no significant functional restrictions.

Plaintiff argues that her fibromyalgia symptoms fluctuate and that the ALJ failed to adequately account for repeated findings of 18 out of 18 tender points. She argues that Dr. Cunningham's one-time examination, conducted without reviewing her medical records, could not adequately reflect her longitudinal symptoms or functional limitations. Plaintiff also relies on SSR 12-2p, which recognizes that fibromyalgia symptoms may wax and wane, and contends that the ALJ improperly discounted the state agency medical findings despite their assessment of severe impairments and resulting work-related limitations.

The Court recognizes that fibromyalgia presents difficulties in evaluating subjective complaints because its symptoms may fluctuate and objective testing may not fully reflect the severity of pain. *See Revels v. Berryhill*, 874 F.3d 648, 656–57, 663 (9th Cir. 2017); SSR 12-2p. Accordingly, generally normal strength, neurological findings, or gait do not necessarily contradict allegations of disabling fibromyalgia pain. Nor does the absence of acute distress, standing alone, establish that a claimant's pain is less severe than alleged.

Nevertheless, the ALJ did not disregard the abnormal findings or rely exclusively on Dr. Cunningham's examination. Rather, he acknowledged Plaintiff's tender points, joint tenderness, limited range of motion, and other abnormalities, but found that the longitudinal record contained additional findings that did not support the extent of the

specific functional restrictions alleged. The ALJ identified examinations throughout the relevant period demonstrating preserved strength, gait, grip function, and neurological functioning, and explained how those findings related to Plaintiff's reported limitations. Thus, to the extent the ALJ relied on the absence of significant motor, neurological, and musculoskeletal deficits to evaluate Plaintiff's alleged restrictions in walking, lifting, and gripping, his reasoning was sufficiently specific and supported by substantial evidence.

**2. Activities of Daily Living**

An ALJ may consider whether a claimant's daily activities are inconsistent with the severity of the symptoms alleged. *See* 20 C.F.R. § 404.1529(c)(3)(i). Although a claimant need not be completely incapacitated to be found disabled, daily activities may undermine symptom testimony when they contradict the claimant's alleged limitations. *See Orn*, 495 F.3d at 639; *Smartt*, 53 F.4th at 499-500. However, the mere ability to perform limited household or personal activities does not necessarily demonstrate the ability to sustain full-time employment, particularly where those activities are performed intermittently or with assistance. *See Garrison*, 759 F.3d at 1016.

Here, the ALJ considered Plaintiff's reports that she lived with her two sons and remained capable of performing various daily activities, including personal care, preparing meals, caring for pets, performing household chores with assistance, managing medications and finances, shopping in stores and online, using public transportation, and engaging in hobbies such as reading, watching television, and playing computer games. (AR at 27-28.) The ALJ found these activities consistent with an ability to understand, remember, and apply information; interact with others; maintain concentration and persistence; and manage daily responsibilities. (*Id.*)

The ALJ also noted that Plaintiff reported no difficulty getting along with others, maintained contact with others by telephone, video chat, email, and text, and was routinely observed to be cooperative, alert, and oriented, with intact cognitive function and normal judgment. The ALJ found these reports and observations inconsistent with Plaintiff's

allegations of significant difficulties with memory, concentration, and social functioning. (AR at 27-28.)

The Court finds that the ALJ reasonably considered Plaintiff's daily activities in evaluating her subjective complaints. Plaintiff's reported ability to independently manage medications and finances, shop, use public transportation, care for herself and others, and engage in activities requiring attention and concentration was relevant to her allegations of significant limitations in daily functioning.

Although Plaintiff offered a more restrictive description of her daily functioning at the hearing, the ALJ was entitled to resolve inconsistencies between her testimony and other statements in the record. The Court may not substitute its own interpretation where the ALJ's findings are rational and supported by substantial evidence. *See Rollins*, 261 F.3d at 857; *Burch*, 400 F.3d at 680-81. Accordingly, the Court finds that the ALJ reasonably relied on Plaintiff's reported daily activities as a specific, clear, and convincing reason for discounting the extent of her alleged functional limitations.

## CONCLUSION

For the reasons stated above, the Court will recommend that the Commissioner's decision be affirmed. The ALJ properly considered the medical opinion testimony and properly discounted Plaintiff's symptom testimony with specific, clear, and convincing reasons supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED** that the final decision of the Commissioner of Social Security be **AFFIRMED** and that the Clerk of Court be directed to enter judgment accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(1), should not be filed until entry of the District Court's judgment. Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within 14 days after being served with a copy of this Report and Recommendation. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure, objections to the Report and

Recommendation may not exceed ten (10) pages. If objections are not timely filed, the party's right to de novo review by the District Judge is waived. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 26th day of October, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge